*Lin v. Holder*

BIA
Wright, IJ
A200 828 750

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fourteen.

PRESENT:
>       ROBERT D. SACK,
>       BARRINGTON D. PARKER,
>       RICHARD C. WESLEY,
>            *Circuit Judges.*

_____

YONG LIN, AKA LIN YONG,
>       *Petitioner,*

>       v.                                          13-3888
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Cindy Ferrier, Assistant
                       Director; Kimberly A. Burdge, Trial
                       Attorney, Office of Immigration

**Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Lin, a native and citizen of the People's Republic of China, seeks review of a September 23, 2013, decision of the BIA, affirming the April 25, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Lin*, No. A200 828 750 (B.I.A. Sep. 23, 2013), *aff'g* No. A200 828 750 (Immig. Ct. N.Y. City Apr. 25, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam). For asylum applications governed by the REAL ID Act, the agency may, "[c]onsidering

the totality of the circumstances," base a credibility finding on inconsistencies in the asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, substantial evidence supports the agency's determination that Lin was not credible.

There were serious inconsistences in Lin's various statements. At his hearing before the IJ, he claimed he was arrested and beaten by Chinese officials for supporting Falun Gong, but he failed to mention this arrest in his credible fear interview. *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. Lin also testified that he deliberately distributed flyers in support of Falun Gong; however, during his credible fear interview, he told the asylum officer that he was unaware of the nature of the flyers when he distributed them. The IJ reasonably relied on these inconsistences in finding Lin not credible. *See Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007); *Xui Xia Lin*, 534 F.3d at 167.

3

The IJ also reasonably rejected Lin's various explanations. While Lin's asylum application was detailed and coherent, his hearing testimony was not. His application stated that the smuggler who helped him enter the United States told him to omit his 2008 arrest when speaking with U.S. officials; in his testimony, however, he admitted that the smuggler told him to tell U.S. officials the story of his arrest. Moreover, the fact that Lin's friend told him to tell Chinese authorities that he knew nothing about the Falung Gong flyers he distributed does not explain why Lin would tell U.S. authorities the same story if it was not true and he was attempting to obtain asylum. Finally, Lin's insistence that he could not understand the interpreter at his credible fear interview is implausible because his asylum application provided a detailed explanation for any inconsistencies without ever mentioning such difficulty. Accordingly, the agency did not err in declining to credit Lin's explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Lin also challenges the reliability of the credible fear interview. Contrary to Lin's argument, we do not preclude reliance on these interviews; instead, we merely

4

require the agency to "closely examine each . . . interview before concluding that it represents a sufficiently accurate record of the alien's statements . . . in determining whether the alien is credible." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004); *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir 2009). Here, Lin's credible fear interview was conducted nearly a month after his arrival with the assistance of an interpreter. He was also represented by counsel, but waived his presence at the interview. Finally, the interview was memorialized in a typewritten document providing the questions the asylum officer asked and the answers Lin gave. *Id.* Because the interview bears indicia of reliability, the IJ did not err in relying on Lin's statements at that interview when making the adverse credibility determination.

Finally, the IJ reasonably found Lin's friends' and relatives' letters entitled to little weight because the authors were interested witnesses not subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Lin argues that the agency impermissibly conflated credibility and burden of proof issues in considering his corroborating evidence.

5

This is incorrect. The agency merely found that, in light of Lin's incredible testimony, his corroborating evidence was insufficient, standing alone, to carry his burden of proof. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(per curiam). In any event, the agency's inconsistency finding alone provides substantial evidence to support its adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 163-64, 166 & n 3.

Accordingly, because all of Lin's claims rely on his credibility, the agency did not err in denying asylum, withholding of removal, and CAT relief because those claims were all based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk